**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2316-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARVIN L. NAIRE,

    Defendant-Appellant.

_____

Submitted January 8, 2019 – Decided February 8, 2019

Before Judges Fisher and Suter.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 15-06-0858.

Michael J. Pastacaldi, attorney for appellant.

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Marvin L. Naire[1] appeals the denial of his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm for the reasons that follow.

I.

Defendant, a citizen of Jamaica, was arrested in Jersey City and indicted, along with a co-defendant, with first, second and third-degree narcotics offenses and a second-degree firearms violation. Defendant pleaded guilty to third-degree intent to distribute a controlled dangerous substance on or near school property, N.J.S.A. 2C:35-7(a); the other charges were dismissed. Defendant signed the standard plea form, answering that he was not a United States citizen, and acknowledged because of that, he was subject to deportation.

At his plea hearing, the judge explained defendant's plea "could affect [his] ability to stay in the country, including being deported" and asked defendant if he wanted to speak with an immigration attorney. Defendant declined, making clear he wanted to proceed with his guilty plea. Defendant expressed satisfaction with his attorney. He said he understood all the questions on the plea form, gave the answers to his attorney and that they were truthful. The court reviewed with defendant there was no promise he would be sentenced

---

[1] Defendant's name is sometimes spelled Naire and at other times, Nairne.

A-2316-17T1

to probation and the State was seeking a three-year term of incarceration. Defendant admitted to possessing and intending to distribute cocaine within one thousand feet of a school.

Defendant was sentenced to two years of non-custodial probation, community service and mandatory fines. He did not file a direct appeal from his guilty plea or sentence.

The Department of Homeland Security filed a complaint against defendant seeking his deportation based on the conviction. A few months later, defendant filed a PCR petition in which he argued his trial counsel provided ineffective assistance. Defendant claimed his attorney did not properly investigate the allegations against him, obtain a copy of the Grand Jury proceedings, advise him about the immigration consequences of his plea, obtain statements from co-defendants, file any motions or assert affirmative defenses about N.J.S.A. 2C:35-7 or review the pretrial discovery with him. He requested an evidentiary hearing.

Defendant's PCR counsel submitted supplemental materials. In his certification, defendant alleged his attorney did not discuss the consequences of the plea on his immigration status and deportation proceedings were now pending. "Had [he] known that the nature of the offense that [he] [pled] guilty

to [would] cause[] [him] to be deported, [he] would not have entered a guilty plea." He claimed he was not advised to consult with an immigration attorney. He thought probation would enable him "to move on with [his] life" and not go to jail. His trial counsel failed to provide him with discovery or discuss possible defenses.

The PCR court granted defendant's request for an evidentiary hearing "because there were too many questions of fact out there." Defendant's trial counsel and defendant both testified at the evidentiary hearing. The PCR court denied defendant's PCR petition. In his written decision, the PCR court found defendant's testimony and his trial attorney differed about key issues. Contrary to defendant's assertions, his attorney testified he reviewed all the police reports with defendant, showed him co-defendant's recorded statement, told defendant this was a deportable offense, that he should speak with an immigration attorney and met with him ten different times.

The PCR court found defendant's trial counsel to be credible based upon the court's "opportunity to hear the testimony [and] observe the witnesses testify . . . ." Defendant never raised any questions at the plea hearing about deportation and signed the plea forms that addressed immigration consequences. This was "circumstantial evidence" that defendant "under[stood] . . . this was a deportable

4

offense." Defendant contradicted himself; his certifications and prior testimony at the plea hearing were not consistent with his testimony at the evidentiary hearing. The court found defendant did review the police reports, met with his attorney, reviewed the co-defendant's recorded statement, was advised the crime he was pleading to was a deportable offense and that he should speak with an immigration attorney.

The court also found insufficient evidence to support defendant's claims his counsel did not investigate the case, obtain grand jury transcripts or assert any motions or affirmative defenses that should have been asserted. These claims were "vague, bald faced accusations supported by nothing." There was no agreement between defendant and the State that he would be placed on probation because the State reserved the ability to argue for a three-year term of incarceration at sentencing.

The court noted defendant "contradicted himself so often while under oath [at the PCR hearing] . . . and testified inopposite to his testimony at the plea hearing and his certifications that the court cautioned him . . . on two separate occasions regarding same."

> THE COURT: So, I'm just going to say do you understand Mr. Nairne what you're telling me now is exactly the opposite of what you told me on the day I accepted your guilty plea. You understand that? Cause

I asked you did [your attorney] read and explain each and every question on the form to you, and you told me yes.

I'm only – I'm not cross examining you, but people make mistakes. But I don't want anybody opening themselves up to a perjury charge, [be]cause [you're] under oath now and you were under oath that day, and you told me the exact opposite on that day. Do you understand that?

THE WITNESS: Yes Sir.

THE COURT: Okay. So, just be aware. I'm – again, I'm not trying to threaten anyone, but . . . under oath I'm getting two exactly opposite answers.

The court continued.

When [you were] under oath on April 18, 2016 . . . you give one answer, and then you're under oath [today] and you give the exact opposite answer. So . . . you do what you choose to do sir . . . I certainly am not encouraging the Prosecutor to do anything. But you understand that by doing that, you could subject yourself to perjury charges, you understand that sir, Mr. Naire?

The court found the first prong of Strickland[2] was not satisfied, as there was no showing his trial attorney's performance was deficient by any objective standard of reasonableness. Without this, defendant could not show prejudice – Strickland's second prong – because there were no "material deficiencies" that contributed to his decision to plead guilty.

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

A-2316-17T1

On appeal, defendant raises the following issues:

POINT ONE

THE TRIAL COURT ERRED IN DENYING MR. NAIRE' S CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ADVISE HIM OF HIS IMMIGRATION CONSEQUENCES ASSOCIATED WITH THE PLEA.

POINT TWO

THE TRIAL COURT ERRED IN DENYING MR. NAIRE'S CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REVIEW DISCOVERY WITH HIM PRIOR TO THE PLEA.

POINT THREE

THE TRIAL COURT ERRED BY INTERJECTING THE POSSIBLY OF CONTEMPT CHARGES AGAINST MR. NAIRE DURING THE EVIDENTIARY HEARING.

There is no merit to these arguments.

## II.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland, 466 U.S. at 694, and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (l987). In order to prevail on an ineffective assistance of counsel claim, defendant must meet a two-prong test by establishing that: (l) counsel's

performance was deficient and the errors made were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the plea bargain context, "a defendant must prove that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). He must also show that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

Defendant alleges his trial counsel did not inform him he was pleading guilty to a crime that may result in deportation. He contends this constituted ineffective assistance under Strickland. Defendant argues he was prejudiced by his attorney's lack of advice and would not otherwise have pleaded guilty.

We defer to the court's credibility determination because it had the ability to hear and see the witnesses. State v. Pierre, 223 N.J. 560, 579 (2015). The court explained its credibility findings were based not only on observations of

the witnesses, but on inconsistencies in defendant's testimony, which the court detailed. Because the PCR court accepted the substance of the testimony by defendant's trial attorney, that he discussed with defendant the immigration consequences of his plea, we agree defendant did not prove any errors by his trial counsel's representation and certainly none that fell outside the "wide range of professional assistance" required to show the first prong under Strickland. The PCR court was correct to reject defendant's PCR petition.

Defendant did not prove the second requirement under Strickland that defendant was prejudiced by his attorney's performance. The court advised defendant that deportation was a possibility, offering him the opportunity to discuss the issue with an immigration attorney, but he declined. There was no promise defendant would be sentenced to probation, because the State continued to advocate for a three-year term of incarceration. Defendant would have faced first and second-degree drug charges if he rejected the plea and continued to trial. On this record, defendant did not show prejudice under Strickland.

Defendant contends his attorney was constitutionally ineffective by not reviewing any discovery with him. The PCR court rejected this argument based on its credibility findings, giving credit to the testimony of his trial counsel that counsel met with defendant ten times, obtained police reports and reviewed

these reports and the co-defendant's recorded statement with defendant. Defendant fails to suggest what other discovery should have been obtained. We defer to the PCR court, who based its credibility determination on the host of inconsistencies testified to by defendant and his own observation of the witnesses.

Defendant argues the PCR court erred by interjecting during the evidentiary hearing a reference to perjury in contravention of his due process rights under State v. Feaster, 184 N.J. 235 (2005). We reject the contention that defendant was denied an evidentiary hearing that was fair based on the court's statements. In context, the court's reference to "perjury" was to point out the inconsistencies in defendant's testimony between his plea and the PCR hearings. The court made clear it was not threatening defendant with a contempt charge. In Feaster, 184 N.J. at 239-40, a witness invoked his Fifth Amendment privilege against self-incrimination after the prosecutor indicated there were "considerations" if he were to recant his trial testimony that had been favorable to the prosecution. The Court held "the State may not use threats or intimidation tactics that substantially interfere with a witness's decision to testify for a defendant." Id. at 262.

This case is not like <u>Feaster</u> where a witness may have been discouraged from testifying by a statement from the prosecutor. Defendant did not invoke his Fifth Amendment rights or stop testifying; he continued to assert facts at odds with his prior testimony and the plea forms. Defendant did not allege that other witnesses would have testified. We do not agree with defendant that the court's comments required a new evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2316-17T1